**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 28 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Assistant to the State
 Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL D. THORNING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 24A01-1109-CR-453 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable J. Steven Cox, Judge
Cause No. 24C01-0912-FC-88

**February 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Michael D. Thorning ("Thorning") pled guilty to Counterfeiting, as a Class D felony. He was sentenced to the maximum of three years, one year of which was suspended to probation. He now appeals his sentence under the auspices of Appellate Rule 7(B).

We affirm.

## Facts and Procedural History

An SR-16 form is used by our courts to inform the Bureau of Motor Vehicles ("BMV") about changes to a driver's criminal and traffic citation history. In an effort to get his license reinstated by the BMV, Thorning modified an SR-16 form in the Franklin County Clerk's office to falsely reflect that a case resulting in his license suspension was dismissed.

On September 14, 2011, Thorning pled guilty without a plea agreement to the Class D felony. At the conclusion of the hearing, Thorning was sentenced to the maximum of three years, one year of which was suspended to probation. This appeal followed.

## Discussion and Decision

Thorning contends that his sentence is inappropriate in light of the nature of the offense and his character under Appellate Rule 7(B). Independent appellate review and revision of a sentence is authorized under Article VII, Sections 4 and 6 of the Indiana Constitution. Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007).

> Indiana Appellate Rule 7(B) [ ] provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

2

Id. Indiana's flexible sentencing scheme allows trial courts to tailor the offender's sentence to the circumstances presented. Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). Therefore, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Id. at 1222. One purpose of appellate review is to attempt to "leaven the outliers." Id. at 1125. "Whether we regard a sentence as appropriate at the end of the day turns on our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Id. at 1224.

Thorning was convicted of committing a Class D felony. Sentencing for a Class D felony ranges between six (6) months and three (3) years, with an advisory sentence being one and one-half (1 ½) years. Ind. Code § 35-50-2-7(a).

Regarding the nature of the offense, Thorning obtained unauthorized access to an official document used by the judiciary to formally communicate to the BMV changes in an individual's criminal and traffic citation history. He falsified the document to avoid the consequences of prior unlawful conduct. In a state with over 5.5 million[1] licensed drivers, it is crucial that information be accurately communicated and acted upon. The integrity of this communication system is imperative to properly deal with the rights and responsibilities of all involved in the effective and efficient management of the privilege to lawfully operate a motor vehicle on the public roadways of our state.

---

[1] Indiana State Statistical Abstract (2009), U.S. Dept. of Transportation, Federal Highway Administration, http://www.fhwa.dot.gov/policyinformation/statistics/abstracts/2009/in.cfm.

With regard to his character, Thorning was convicted of three prior misdemeanors: an Operating While Intoxicated fifteen years ago, as well as Interfering With Reporting a Crime and Resisting Law Enforcement in the same cause number seven years ago. Thorning also admitted he had a conviction for Nonsupport of a Dependant, for which he was incarcerated for three years. Additionally, Thorning admits he was convicted of Public Intoxication in May of 2009. The record is unclear whether this charge was still pending or if Thorning was already convicted at the time he forged the SR-16.

Thorning asks us to take notice that he has accepted responsibility for his actions as indicated by his guilty plea in open court without a plea agreement. He also noted that he was able to secure employment prior to sentencing, and incarceration would place a hardship on his family and interfere with his child support obligation. We recognize acceptance of culpability; however, these hardships are not peculiar to Thorning, especially in light of his past failure to meet his child support obligations. Additionally, the fact that this is his first felony is tempered by the fact that this offense was an attempt to circumvent a penalty for a past violation.

Thus, we cannot conclude that Thorning's three-year sentence, with one year suspended to probation, was inappropriate in light of the nature of his offense and his character.

Affirmed.

BAKER, J., and DARDEN, J., concur.

4